UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES C. LUTTRELL, | No. 2:15-cv-1782 AC |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[2]

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on March 22, 2017). She is therefore substituted as the defendant in this action. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of

(continued…)

For the reasons that follow, the court will deny plaintiff's motion for summary judgment, and grant the Commissioner's cross-motion for summary judgment. Plaintiff argues that his residual functional capacity ("RFC") prevents him from performing jobs the ALJ identified as alternate work at Step 5, because they require overhead *reaching*. The argument fails, because the RFC – which he does not challenge – does not preclude such work; rather, it precludes work that requires overhead *lifting*.

## I.    PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on November 19, 2010, and for supplemental security income on July 12, 2011. Administrative Record ("AR") 9 (decision).[3] The disability onset date for both applications was alleged to be July 30, 2010. Id. The applications were disapproved initially and on reconsideration. Id. On August 19, 2013, Administrative Law Judge ("ALJ") Bradlee S. Welton presided over a hearing on plaintiff's challenge to the disapprovals. AR 26-76 (transcript). Plaintiff was present and testified at the hearing. Id. Plaintiff was represented by counsel at the hearing. Id. "Mr. Sartorius," Vocational Expert ("VE"), testified at the hearing. Id.

On January 17, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 9-20 (decision), 21-25 (exhibit list). On June 11, 2015, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3.

Plaintiff filed this action on August 21, 2015. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 15 (plaintiff's summary judgment motion), 16

---

Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

[3] The AR is electronically filed at ECF Nos. 11-1 to 11-9 (AR 1 to AR 962). The paper version is lodged with the Clerk of the Court. ECF No. 11.

(Commissioner's summary judgment motion).

## II.  FACTUAL BACKGROUND

Plaintiff was born on July 9, 1960, and accordingly was 50 years old on the alleged disability onset date, making plaintiff a person "closely approaching advanced age" under the regulations. AR 18; see 20 C.F.R §§ 404.1563(d), 416.963(d).

## III.  LEGAL STANDARDS

"[A] federal court's review of Social Security determinations is quite limited." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015). The Commissioner's decision that a claimant is not disabled will be upheld "unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

"'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Garrison, 759 F.3d at 1009. "While inferences from the record can constitute substantial evidence, only those reasonably drawn from the record will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation and internal quotation marks omitted).

The court reviews the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Rounds v. Commissioner Social Security Admin., 807 F.3d 996, 1002 (9th Cir. 2015); Attmore v. Colvin, 827 F.3d 872, 875 (9th Cir. 2016) ("[w]e cannot affirm … "simply by isolating a specific quantum of supporting evidence").

It is the ALJ's responsibility "to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." Brown-Hunter, 806 F.3d at 492 (internal quotation marks omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Thus, in reviewing the Commissioner's decision, this court does not substitute its discretion for that of the Commissioner. See Brown-Hunter, 806 F.3d

at 492 ("[f]or highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency") (internal quotation marks omitted).

The court may review "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Garrison, 759 F.3d at 1010.  Finally, the court will not reverse the Commissioner's decision if it is based on "harmless error," meaning that the error "is inconsequential to the ultimate nondisability determination …." Brown-Hunter, 806 F.3d at 492 (internal quotation marks omitted).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI).  Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

4

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.   THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since July 30, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, hepatitis C, right shoulder status post rotator cuff surgery, and arthritis of the bilateral knees (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CF'R 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Residual Functional Capacity] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently. He can stand for six hours in an eight-hour workday. He can sit for six hours in an eight-hour workday and requires the opportunity to

alternate sitting and standing at a workstation every hour for one to two minutes.  He can occasionally climb ramps and stairs, and can occasionally balance, stoop, or crouch.  He cannot climb ladders, ropes, or scaffolds.  He cannot crawl or kneel.  *The clamant cannot lift overhead with the right upper extremity.*

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Age] The claimant was born on July 9, 1960 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Education] The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. [Transferability of job skills] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 30, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 11-20 (emphasis added).

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 20.

## VI.   ANALYSIS

Plaintiff's sole argument is that the ALJ failed to resolve a conflict between the VE's testimony and the DOT.  There was no error.

At the hearing, the ALJ posed a hypothetical to the VE that included the relevant exertional limitation, namely, "no overhead lifting with the right upper extremity …."  AR 67. The VE then testified that in his opinion, even with that limitation (and the others identified in the RFC), plaintiff could perform the following jobs which, he testified, exist in significant numbers

6

in the state and national economies:

- Chauffeur, DOT No. 913.663-010
- Assembler, DOT No. 733.687-010
- Filter Assembler, DOT No. 739.687-026

AR 69-71. The VE testified that his opinions were "consistent with the DOT," and were "[b]ased upon my experience working in the industry of placing people in the last 37, 38 years." AR 71.

### A. Overhead Reaching

Plaintiff argues that he cannot perform these jobs because they require overhead "reaching." ECF No. 15 at 5-6. Plaintiff's argument fails because this case has nothing to do with reaching.

The RFC precludes overhead *lifting*, an exertional limitation.[4] It does not preclude overhead *reaching*, a non-exertional limitation.[5] Since plaintiff has identified nothing in the record indicating that he cannot engage in overhead reaching, and does not challenge the RFC – which does not exclude overhead reaching – there is no legal basis for finding error in alternate work that involves that activity.[6]

### B. Conflict Between DOT and the VE Testimony

Plaintiff argues that the ALJ erred by not asking the VE about the "conflict" between his opinion that plaintiff can do the alternate jobs, and the DOT's description of the alternate work,

---

[4] "Exertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, *lifting*, carrying, pushing, and pulling." Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 61 Fed. Reg. 34474, 34477 (July 2, 1996) (SSR 96-8p) (emphasis added).

[5] "Nonexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength," and includes the "manipulative" activities such as "*reaching*, handling." Id. (emphasis added).

[6] Plaintiff's argument fails even if this case had anything to do with "reaching." Plaintiff's argument erroneously assumes that because the identified jobs require "reaching," they also require "overhead" reaching. No so. Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016) ("the ALJ didn't err because there was no apparent or obvious conflict between the expert's testimony that Ms. Gutierrez could perform as a cashier, despite her weight bearing and *overhead reaching* limitations with her right arm, and the Dictionary's general statement that cashiering requires *frequent reaching*") (emphasis added).

7

which includes overhead reaching. This argument fails.

The ALJ is required to ask the VE if his testimony is consistent with the DOT. SSR 00-4p ("[w]hen a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT");[7] Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007) (it was error for the ALJ not to ask the VE "whether her testimony conflicted with" the DOT).

The ALJ did so here. AR 71 ("Q: Now, your opinions consistent with the DOT?" "A: Yes, your honor"). Indeed, the ALJ went farther, and elicited from the VE the fact that his opinion was based upon his "experience working in the industry of placing people in the last 37, 38 years." AR 71.

Moreover, the ALJ is not required to ask the VE to *explain* a conflict unless there *is* a conflict, and specifically, an "apparent or obvious" one. SSR 00-4p ("[i]f the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict"); Gutierrez v. Colvin, 844 F.3d 804, 807-08 (9th Cir. 2016) ("[N]ot all potential conflicts between an expert's job suitability recommendation and the Dictionary's listing of 'maximum requirements' for an occupation will be apparent or obvious. And, to reiterate, an ALJ need only follow up on those that are.").

There is no conflict here, and certainly none that is apparent or obvious. To illustrate, the VE identified "chauffeur" as an alternate job. AR 69. There is no apparent or obvious conflict between plaintiff's overhead lifting restriction and his ability to perform this job. That is because the inability to *lift* 20 pound objects overhead (such as a stocking clerk might do),[8] does not imply the inability to *reach* overhead (such as a chauffeur might do in order to adjust the rear-view

---

[7] Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions, 65 Fed. Reg. 75759, 75760 (Dec. 4, 2000).

[8] The ALJ found that plaintiff had the residual functional capacity to perform "light work," which could involve lifting objects weighing up to 20 pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b).

8

mirror, or to touch an overhead button controlling an interior light).

Plaintiff makes no showing, and does not argue on appeal, that in responding to the ALJ's hypothetical question, the expert failed to eliminate all jobs that would have required overhead lifting, the only limitation at issue here.[9] "The ALJ was entitled to rely on the expert's 'experience in job placement' to account for 'a particular job's requirements ….'" Gutierrez, 844 F.3d at 809 (quoting SSR 00-4p).

## VII.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15), is DENIED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 16), is GRANTED; and
3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: March 23, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[9] Plaintiff cannot turn "reaching" into an issue by simply addressing the pertinent limitation ("lifting overhead"), in the first half of his brief, and then without explanation, switching to a different limitation ("reach[ing] overhead") in the second half. See ECF No. 15 at 6.